## Rockford Wholesale Grocery Co. v. H. B. & D. A. Stevenson, Copartners as Stevenson Bros.

1. WARRANTY—*Application of the Rule Caveat Emptor.*—There can be no application of the doctrine *caveat emptor* where there is an express warranty, or where the article is sold in bulk upon a sample.

2. CAVEAT EMPTOR—*Application of the Rule.*—The rule of *caveat emptor* applies to a purchaser of goods where he has an opportunity of examining them before he purchases and fails to do so.

3. DEPOSITIONS—*Waiver of Objection to Dedimus.*—Where a party appears before the officer taking the deposition and cross-examines the witness, or stipulates that the witness shall be examined before the officer, all formalities in relation to the *dedimus* are waived.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Winnebago County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

H. H. HAMILTON and A. D. EARLY, attorneys for appellant.

CARNES & DUNTON, attorneys for appellees.

In determining whether there was in fact a warranty the decisive test is whether the vendor assumes to assert a fact of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion and to exercise his judgment. In the former case there is a warranty; in the latter, not. Roberts v. Applegate, 153 Ill. 210.

For mere breach of warranty the sale can not be rescinded by return of the property after it has been delivered and accepted so as to vest the property in the purchaser unless the contract of sale gives that option or requires it. Sutherland on Damages, Vol. 2, page 417.

Where a party appears by himself or attorney and makes his appearance, cross-examines, objects to a question, to the incompetency of a witness, or does any substantial act con-

nected with the taking of the deposition, and it so appears in the deposition regularly certified, he will not at the hearing of the cause be permitted to object that no legal notice has been given. Weeks on Depositions, Sec 274.

All objections to the notice for insufficiency of statement, defective service, or even the entire absence of notice, may be waived by the party entitled thereto, by appearance in person or by attorney at the taking of the deposition and cross-examination of the witness without raising the objection then and there. Weeks on Depositions, Sec. 273.

Mr. Justice Harker delivered the opinion of the Court.

This was an action of assumpsit by appellees to recover the contract price of 150 July cheese sold to appellant on the 11th of September, 1894. Appellant paid into court as a tender $178.85 and defended against the balance of the claim upon the ground that there was a breach of warranty as to quality of the cheese.

The jury returned a verdict for appellees and fixed their damages at $370.01, which included the $178.85 tendered. The court overruled the motion for a new trial and entered judgment upon the verdict.

Appellant seeks a reversal because the verdict is against the evidence and because the court erred in giving certain instructions and in refusing to give certain others as offered.

Appellees operate a cheese factory at the town of Harlan, a few miles from Rockford. Appellant conducts a wholesale grocery business at that city and prior to the purchase out of which this controversy arose had received four lots of cheese from appellees and had sold them with satisfaction to its trade. A few days prior to the purchase in question its president and secretary visited the factory. They were taken into the curing room by the superintendent and were there shown a large number of cheese stored upon racks extending to the ceiling. By means of a small semicircular steel instrument called a trier, which may be thrust into a cheese, several were tested. There is some conflict in the testimony as to what was said about the cheese tested upon

that occasion; but no purchase was then made. About a week afterward one of the appellees called at appellant's place of business and closed a deal for 150 cheese at nine cents per pound. Appellant's officers, who made the purchases, were the same ones who visited the factory and witnessed the testing made by the superintendent.

Although it is contended that the sale was made by appellees with an express warranty as to the quality of the cheese, the evidence does not support such contention. Stevenson, on his first visit, when the July cheese was mentioned, insisted upon appellant's officers visiting the factory and making a personal examination, which they did in his absence. They knew that there were not more than 200 July cheese at the factory, and that the 150 purchased would have to be selected from that number. There was room, therefore, for the contention of appellees for an application of the doctrine of *caveat emptor*. Of course there can be no application of that doctrine where there is an express warranty, or where the article is sold in bulk upon a sample. As we have said, we do not think an express warranty was proven. Nor can it be properly said the cheese was sold upon sample. It was not a sale where the purchaser had no opportunity for inspection. Upon the contrary, ample opportunity for inspection was given. No error therefore occurred in the giving of appellee's fifth, sixth, seventh and tenth instructions.

The jury were instructed quite liberally for appellant and we do not think it has any just ground for complaint because of the action of the court in refusing some and in modifying other instructions offered.

The jury seems to have allowed deductions for several cheese which the evidence shows were bad.

To the contention of appellant that the court erred in refusing to suppress the depositions of two resident witnesses, Wilson and McMillan, for the reason that they were taken under a *dedimus potestatem*, it may be said that appellant was not in a position to urge such an objection. Its attorney appeared before the officer who took the depo-

sitions and cross-examined the witnesses.   That fact, and the further one that it was stipulated the witnesses should be examined before that officer, was a waiver of all formalities touching the *dedimus*.

We see no just ground for reversing the judgment; it is affirmed.